IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2011

## STATE OF TENNESSEE v. COURTNEY PARTIN

**Appeal from the Criminal Court for Campbell County**
**No. 11082     E. Shayne Sexton, Judge**

**No. E2010-01508-CCA-R3-CD - Filed April 27, 2011**

This case is before the court after remand to the Campbell County Criminal Court for resentencing.  The Defendant, Courtney Partin, was convicted by a Campbell County Criminal Court jury of attempted first degree murder, a Class A felony, and two counts of aggravated assault, a Class C felony. See T.C.A. §§ 39-13-202 (Supp. 2001) (amended 2002, 2007), 39-13-102 (Supp. 2001) (amended 2002, 2005, 2009, 2010).  The trial court merged one count of aggravated assault with the attempted first degree murder because the offenses involved the same victim and sentenced the Defendant as a Range I, standard offender to twenty-two years' confinement for attempted first degree murder and to four years' confinement for aggravated assault, to be served concurrently.  On appeal, the Defendant contends that the trial court erred during sentencing by beginning its sentencing consideration at the midpoint in the applicable range.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Courtney Partin.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; William Paul Phillips, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the original sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender to twenty-four years for the attempted first degree murder conviction and to five years for the aggravated assault conviction, to be served consecutively, for an

effective sentence of twenty-nine years. This court affirmed the judgments. The Defendant's application for permission to appeal to the Tennessee Supreme Court was denied. State v. Courtney Partin, No. E2004-02998-CCA-R3-CD, Campbell County (Tenn. Crim. App. Mar. 21, 2006), app. denied (May 30, 2006). The United States Supreme Court granted certiorari, vacated the judgments, and remanded the case to this court for consideration of the sentences imposed in light of Cunningham v. California, 549 U.S. 270 (2007). Partin v. Tennessee, 549 U.S. 1196 (2007) (mem.). This court remanded the case to the Criminal Court for Campbell County for resentencing with instructions to determine "the [D]efendant's prior criminal convictions and the appropriate enhancement weight to be applied to the [D]efendant's sentences for his present convictions." State v. Courtney Partin, No. E2004-02998-CCA-R3-CD, Campbell County, slip op. at 6 (Tenn. Crim. App. Nov. 30, 2007).

At the resentencing hearing, the trial court concluded that it was "duty bound" to begin consideration of the Defendant's sentence for attempted first degree murder at the minimum in the range, or fifteen years. The trial court sentenced the Defendant as a Range I, standard offender to seventeen years for attempted first degree murder and to five years for aggravated assault, to be served consecutively, for an effective twenty-two year sentence. The State and the Defendant appealed. This court held that the trial court erred by applying an improper enhancement factor to the aggravated assault conviction and by beginning its sentencing consideration at a point lower than provided for a Class A felony conviction. We reversed the judgments of the trial court and remanded the case for resentencing with instructions for the trial court to begin its sentencing consideration for attempted first degree murder at the midpoint of the range and then apply applicable enhancement or mitigating factors. State v. Courtney Partin, No. E2008-01669-CCA-R3-CD, Campbell County, slip op. at 4 (Tenn. Crim. App. Oct. 8, 2009), app. denied (Tenn. Jan. 25, 2010).

At the resentencing hearing, no evidence was presented. The trial court began its sentencing consideration for attempted first degree murder at the midpoint of the range and found that the following enhancement factors applied pursuant to Tennessee Code Annotated section 40-35-114 (Supp. 2001) (amended 2002, 2005, 2007, 2008): (1) the Defendant had a previous history of criminal convictions, in addition to those necessary to establish the appropriate range, and (9) the Defendant employed a deadly weapon during the commission of the offense. The trial court found that enhancement factor (1) also applied to the Defendant's conviction for aggravated assault. The trial court found that no mitigating factors applied to either conviction. The Defendant was sentenced as a Range I, standard offender to twenty-two years' confinement for attempted first degree murder and to four years' confinement for aggravated assault, to be served concurrently.

We note that the trial court indicated in its sentencing memorandum that it found enhancement factor (1) under the 2002 version of Tennessee Code Annotated section 40-35-

114, the Defendant's offense was an act of terrorism, applicable to his conviction for attempted first degree murder. We note that this enhancement factor was added to the statute after the Defendant's offense and the remainder of the enhancement factors were renumbered. See T.C.A. § 40-35-114 (Supp. 2002). Enhancement factor (1) at the time of the Defendant's offense was that the Defendant had a previous history of criminal convictions, in addition to those necessary to establish the appropriate range. In any event, the record reflects that the trial court did not find at the sentencing hearing that the Defendant's offense was an act of terrorism or consider that enhancement factor when sentencing the Defendant.

On appeal, the Defendant contends that the trial court erred during sentencing by beginning its sentencing consideration at the midpoint in the applicable range. He argues that beginning at the midpoint constitutes an illegal enhancement not based on findings of fact made by the jury, in violation of Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham, 549 U.S. 270. The State contends that the trial court properly sentenced the Defendant under the sentencing laws in effect at the time of his offense. We agree with the State.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d) (Supp. 2001) (amended 2005); State v. Carter, 254 S.W.3d 335 (Tenn. 2008) (citing State v. Shelton, 854 S.W.2d 116 (Tenn. Crim. App. 1992)); State v. Pierce, 138 S.W.3d 820, 827 (Tenn. 2004). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. The presumption that the trial court's action is correct "is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f)-(g) (Supp. 2001) (amended 2005). If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the sentence may not be disturbed even if a different result were preferred. State v. Fletcher, 805 S.W.2d 786, 789 (Tenn. Crim. App. 1991).

The Defendant committed the offenses in January 2002. Although the current Sentencing Act does not apply presumptive minimum sentences, the pre-2005 Sentencing Act under which the Defendant was convicted and sentenced applied presumptive sentences.

See T.C.A. § 40-35-210(c) (Supp. 2001) (amended 2005).

The Defendant's reliance on Blakely and Cunningham is misplaced. Under the applicable sentencing law, the presumptive sentence for a Class A felony is the midpoint of the range, twenty years, if there are no enhancement or mitigating factors. T.C.A. § 40-35-210(c); see also T.C.A. § 40-35-112 (2010) (the Range I sentence for a Class A felony is fifteen to twenty-five years). As stated by this court in the Defendant's previous appeal:

> Blakely prohibits sentences "above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 549 U.S. at 275 (citing United States v. Booker, 543 U.S. 220 (2005); Blakely, 542 U.S. 296; Ring v. Arizona, 536 U.S. 584 (2002); Apprendi v. New Jersey, 530 U.S. 466 (2000)). The "relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. 296, 303-04; Cunningham, 549 U.S. at 275. Nothing in Blakely requires a sentencing court to begin with a statutory minimum sentence.

Courtney Partin, No. E2008-01669-CCA-R3-CD, slip op. at 4. Under applicable law, the trial court was required to begin its sentencing consideration at the midpoint in the range, and doing so was not prohibited by Blakely or Cunningham. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE